IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CALVIN McKELTON,

        Petitioner,

v.

TIM SHOOP, Warden,
Chillicothe Correctional Institute,

        Respondent.

Case No.  1:18-cv-134
CHIEF JUDGE ALGENON L. MARBLEY
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254.  This matter is before the Court for consideration of Petitioner's Motion to Stay and Hold Proceedings in Abeyance Pending State Court Litigation, (ECF No. 55), and the Warden's Response, (ECF No. 56.)  Also before the Court is Petitioner's Notice of Pending State Court Litigation, (ECF No. 57), and accompanying exhibits, (ECF Nos. 57-1, 57-2, 57-3.)  For the reasons that follow, the Court **DENIES** Petitioner's motion to stay.

## I.  BACKGROUND

Petitioner Calvin McKelton was convicted in Butler County, Ohio, of the February 2009 aggravated murder of Germaine ("Mick") Evans and the July 2008 murder of Margaret ("Missy") Allen.  After the mitigation phase and jury recommendation, the trial court sentenced Petitioner to death for the aggravated murder of Evans, and 15 years to life in prison for the murder of Allen.  The Ohio Supreme Court set forth a full recitation of the facts of the case in its September 13, 2016, Opinion affirming Petitioner's conviction and sentence.  *State v. McKelton*,

148 Ohio St.3d 261, 261-68 (2016).

After unsuccessfully pursuing state post-conviction relief, Petitioner initiated the instant federal habeas corpus proceedings pursuant to 28 U.S.C. § 2254.  On December 18, 2018, Petitioner filed a Petition for Writ of Habeas Corpus setting forth twenty-two claims for relief. (ECF No. 22.)  On February 24, 2022, the Court permitted Petitioner to file an unopposed Amended Petition, "add[ing] citations to the state court record, essential case law, and clarifying language to his existing claims to aid the Court and parties as they move forward with the case." (ECF No. 53, at PAGEID # 9054; ECF No. 54.)

II.     **REQUEST FOR A STAY**

On March 9, 2022, Petitioner filed the instant Motion to Stay and Hold Proceedings in Abeyance, pending the imminent filing of a state post-conviction petition asserting that pursuant to newly enacted Ohio Rev. Code § 2929.025, he is ineligible to be executed, because he was seriously mentally ill at the time of the offense.  (ECF No. 55.)  Petitioner concedes that he is "returning to state court to litigate a newly created *state law right*." (*Id*. at PAGEID # 9295) (emphasis added).  Nevertheless, Petitioner seeks a stay of these federal proceedings on the basis that "[a] return to state court to litigate this post-conviction petition may eliminate all penalty phase claims currently pending before the Court," and "[a] stay of the proceedings is appropriate to conserve this Court's limited resources, provide the state courts with the opportunity to review the merits of Mr. McKelton's petition and, if appropriate, resentence Mr. McKelton." (*Id*. at PAGEID # 9295-96.)  On May 2, 2022, Petitioner filed a Notice of Pending State Court Litigation, and attached for the Court's review the petition for post-conviction relief he filed in the Butler County, Ohio, Court of Common Pleas.  (ECF No. 57.)

2

Respondent opposes Petitioner's request to stay the proceedings for two reasons.  First, Respondent argues that a stay is not appropriate in this case, because the Amended Petition does not contain any unexhausted claims.  (ECF No. 56, at PAGEID # 9303.)  Secondly, Respondent argues that Petitioner's new state law claim that he is ineligible to be executed due to serious mental illness is uniquely a state law claim that is not cognizable in federal habeas corpus.  (*Id*.)

## III. DISCUSSION

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  The party seeking the stay must "show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order."  *FTC v. E.M.A. Nationwide*, 767 F.3d 611, 627-28 (6th Cir. 2014) (*quoting Ohio Envtl. Council v. U.S. Dist. Ct., S. Dist. Ohio*, 565 F.2d 393, 396 (6th Cir. 1977)).  "The district court must also consider whether granting the stay will further the interest in economical use of judicial time and resources."  *Id*. at 628 (*quoting Int'l Bhd. Elec. Workers v. AT&T*, 879 F.2d 864, 1989 WL 78212, at *8 (6th Cir. 1989)).  "Whether a stay is appropriate, and thus whether the proponent has met its burden, 'requires examining the circumstances of the particular case.'"  *Ohio A. Philip Randolph Inst. v. Householder*, No. 1:18-CV-357, 2019 WL 507240, at *1 (S.D. Ohio Feb. 8, 2019) (*quoting Ohio State Conf. of N.A.A.C.P. v. Husted*, 769 F.3d 385, 387 (6th Cir. 2014)).

The Antiterrorism and Effective Death Penalty Act (AEDPA) does not deprive district courts of the authority to issue stays in habeas litigation, but the Court must also consider the compatibility of granting a stay with the AEDPA's purposes of encouraging finality and incentivizing petitioners to exhaust all claims in state court before filing for habeas relief. *Rhines*

3

*v. Weber*, 544 U.S. 269, 276-77 (2005).  Under AEDPA, a petitioner must first exhaust his constitutional claims in the state courts before presenting them in federal court.  28 U.S.C. § 2254(b); *see Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000).  If a habeas petitioner has the right under state law to raise a constitutional claim by any available procedure, the claim is not exhausted.  28 U.S.C. § 2254(b), (c).  A habeas petitioner bears the burden of demonstrating exhaustion of the available state-court remedies with respect to the claims presented for federal habeas review.  *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

A district court may stay a "mixed petition" containing both exhausted and unexhausted claims to permit a petitioner to present his unexhausted claim to the state courts, and then to return to federal court for review.  *Rhines v. Weber*, 544 U.S. 269 (2005).  The *Rhines* stay-and-abeyance process was developed to manage the issue of mixed-habeas petitions after the AEDPA imposed a one-year statute of limitations for filing habeas petitions.  Prior to the passage of the AEDPA, federal courts dismissed mixed petitions without prejudice to allow petitioners to first raise their unexhausted claims in state court before returning to federal court to present their perfected petitions.  *Id*. at 274 (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982)).  But the introduction of the AEDPA's one-year statute of limitations meant that petitioners could be barred from returning to federal court after exhausting their claims in state court due to the expiration of the limitations period.  *Id*. at 275.  As a result, the Supreme Court held that district courts may stay a habeas petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims when those claims are not plainly meritless and the petitioner has shown good cause for his failure to exhaust the claims earlier.  *Id*. at 277.  The Court emphasized, however, that stay-and-abeyance should only be available in limited

4

circumstances, so as not to undermine the AEDPA's objectives of streamlining habeas proceedings and encouraging finality. *Id*. at 276-78.

Importantly, the mere fact that a petitioner may have a separate claim pending in state court does not render the current federal petition a "mixed" petition. *See Wycuff v. Haviland*, No. 2:19cv3549, 2020 WL 529299, at *6 (S.D. Ohio Feb. 3, 2020) (quoting *Jackson v. Sloan*, 2018 WL 7269782, at *7 (N.D. Ohio Sept. 25, 2018)), report and recommendation adopted at 2020 WL 7382074 (S.D. Ohio Dec. 16, 2020).  Although some courts have extended *Rhines* to stay unmixed petitions when a collateral proceeding with a federal claim is pending in state court, other "courts, including lower courts within the Sixth Circuit, have declined to extend *Rhines* stay-and-abeyance to petitions . . . containing only [exhausted] claims." *Callender v. Warden, Ross. Corr. Inst.*, No. 2:16-cv-1120, 2017 WL 3674909, at *3 (S.D. Ohio Aug. 24, 2017) (*quoting Peterson v. Warden, Pickaway Corr. Inst.*, No. 1:14-cv-604, 2015 WL 3970171, at *7 (S.D. Ohio June 30, 2015), report and recommendation adopted at 2017 WL 4076495 (Sept. 13, 2017) (collecting cases).

Here, the Amended Petition does not contain any unexhausted claims, and the pending state court proceedings do not raise any cognizable *federal* claims.  Petitioner seeks state post-conviction relief pursuant to newly enacted ORC § 2929.025, which makes a person diagnosed as suffering from a qualifying serious mental illness at the time of the offense ineligible for the death penalty.  This is exclusively a state law claim, as there exists no such comparable federal constitutional right.  As such, Petitioner's state law proceedings are independent from the instant federal habeas case, and this Court has no authority to review the state law decision on this matter.  Moreover, Petitioner will not be harmed by the denial of a stay, as he may litigate both

his state post-conviction action and his federal habeas petition simultaneously.  Granting a stay under these circumstances would undermine the AEDPA's dual objectives of streamlining habeas proceedings and encouraging finality.

For the foregoing reasons, Petitioner's Motion to Stay and Hold Proceedings in Abeyance, (ECF No. 55), is **DENIED**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  June 23, 2022**